RENDERED: FEBRUARY 15, 2024
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2022-SC-0438-DG

JAMES NATHAN ("REBEL") COMBS                                    APPELLANT

v.

ON REVIEW FROM COURT OF APPEALS
NO. 2021-CA-1080
BREATHITT CIRCUIT COURT NO. 21-CI-00083

TERESA SPICER                                    APPELLEE

## OPINION OF THE COURT BY JUSTICE THOMPSON

## AFFIRMING

This case is before the Court on discretionary review on the issue of whether the Breathitt Circuit Court appropriately dismissed Teresa Spicer's complaint against James Combs for damages arising from his acts of intentional inflection of emotional distress (IIED), based upon Spicer signing a release as co-administrator of Tiara Combs's estate. The circuit court ruled pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f) that Spicer failed to state a claim upon which relief can be granted, thus barring Spicer's personal suit against Combs.

Spicer appealed as a matter of right and the Court of Appeals reversed, determining that the release did not prevent Spicer from asserting a personal cause of action against Combs and that Spicer had sufficiently "stated a claim

upon which relief may be granted" to proceed with her IIED claim.[1] Combs requested discretionary review, and oral arguments were heard on December 7, 2023. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case was dismissed by the circuit court prior to any discovery being taken; therefore, the record on appeal is minimal. On April 17, 2020, Combs was driving his four-wheeled ATV on a highway while he was intoxicated, when he crashed the ATV. His wife Tiara, who was a passenger on the ATV at the time of the accident, died. The Kentucky State Police (KSP) investigated. Combs's blood was drawn and submitted for testing, but he was not immediately cited for any crimes involving the accident.

On May 14, 2020, less than one month after Tiara's death, Tiara's estate was opened, and Spicer (who is Tiara's mother) and Combs were appointed co-administrators. In his motion for discretionary review, Combs argued that the only reason why Spicer was appointed as a co-administrator was "because [Combs] was also the tortfeasor in the subject accident [and] could not sign any Release for himself[.]" Combs notes that "[b]oth parties were represented by counsel at all relevant times."

On July 20, 2020, Spicer, on behalf of the Estate, entered into a settlement and release agreement (Release) tendered by Progressive Casualty

---

[1] *Spicer v. Combs*, 2021-CA-1080-MR, 2022 WL 4112392, at *2 (Ky. App. Sept. 9, 2022) (unpublished).

Insurance Company (Progressive). The Release relieved both Progressive and Combs from any further liability arising from the underlying accident in exchange for $25,000.00 paid by Progressive.

During oral argument the parties indicated that the Progressive policy was the only applicable insurance policy, and that Progressive paid the policy limits. Combs's counsel also stated to the Court that Spicer received the entire payout from this policy.

Spicer argues she did not learn until after entering into the Release as co-administrator that Combs had been drunk when the accident occurred. Spicer claims Combs repeatedly told her that Tiara's death was purely "an innocent accident" which occurred under circumstances similar to when he had driven the ATV with Tiara "a hundred times before." Spicer explains she began to suspect she had been misled by Combs when she was questioned by local media as to whether Combs had been intoxicated at the time of the accident. Spicer requested information about the accident from KSP but was informed by letter on October 20, 2020, that she could not receive information regarding an ongoing investigation. In "January or February," Spicer went to the KSP post in Hazard, Kentucky where she was informed by an officer that Combs's toxicology report indicated that his blood alcohol concentration (BAC) was 0.18, meaning he was legally intoxicated at the time of the accident with a BAC more than twice as high as the legal limit.[2]

---

[2] Kentucky Revised Statutes (KRS) 189A.010(1)(a) prohibits operation of a motor vehicle with an alcohol concentration of 0.08 or more. Operation of a motor vehicle

3

On April 8, 2021, after going before the grand jury which declined to indict Combs,[3] a summons was issued against Combs on a charge of Driving Under the Influence (DUI). That same day, Spicer filed a wrongful death claim against Combs on behalf of the Estate. That complaint was subsequently dismissed on the basis that it was barred by the Release. Spicer did not appeal that dismissal.

On April 28, 2021, Spicer filed a second complaint, this time in her individual capacity, against Combs alleging intentional infliction of emotional distress. In her complaint, Spicer alleged that Combs "deliberately and cruelly embarked on a misinformation campaign in which he personally, and through intermediaries, fed [Spicer] a pack of lies intending to deceive her" and "intentionally and cruelly lied about the fact that Tiara's death was a direct result of [Comb's] drunken, wanton, and reckless operation" of the ATV.

Spicer also alleged in her complaint that she acted in reliance on Combs's "fraudulent misstatements" when she agreed to be co-administrator of Tiara's estate with Combs *and* when she agreed to enter the settlement and release on behalf of Tiara's estate. However, despite such allegations, Spicer has not sought to set aside the settlement or the release.

---

while under the influence of alcohol is also prohibited by KRS 189A.010(1)(b), but if a person's alcohol concentration is 0.04 or greater but less than 0.08 there is no "presumption that the defendant either was or was not under the influence of alcohol," KRS 189A.010(3)(b).

[3] It is unclear on what basis an indictment was sought and rejected by the grand jury.

4

Combs subsequently moved to dismiss Spicer's complaint on two grounds: (1) the release signed by Spicer prohibited her claim; and (2) Spicer's complaint failed to meet the standard for an IIED claim. On August 31, 2021, the circuit court dismissed the action, determining the release was intentionally broad and inclusive and encompassed all potential claims, including IIED, that Spicer (as "a principal, agent, heir, personal representative," etc.) could bring in her own name. The trial court did not reach the issue of whether Spicer's complaint set forth a sufficient cause of action for IIED as a matter of law.

Spicer appealed. While the appeal was pending, on October 15, 2021, Combs pled guilty to DUI, first offense, in the Breathitt District Court.

The Court of Appeals reversed the dismissal of Spicer's IIED action, determining that "[n]othing in the Release disclaims Spicer's right as an individual to bring a tortious claim that is entirely independent of the Estate and her role as its representative." We agree.

## II. LEGAL ANALYSIS

On appeal, we review *de novo* a trial court's grant of dismissal pursuant to CR 12.02(f) for failure to state a claim because this a pure question of law. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).

**A.  Did the Release Entered into by Spicer as a Representative of Tiara's Estate Preclude Spicer's Personal Claim for IIED Against Combs?**

The Release states in pertinent part:

Full Release of All Claims with Indemnity

5

Claim #: 20-1935765

The undersigned, Teresa Spicer ("Releasor"), **as Personal Representative of the Estate** of Tiara Kinder Combs ("Estate"), being of lawful age, for and in consideration of the sum of Twenty Five Thousand Dollars ($25,000), the receipt and sufficiency of which is hereby acknowledged, does **on behalf of the Estate and for its principals, agents, successors, heirs, personal representatives, executors, administrators and assigns, knowingly release, acquit, and forever discharge James Combs** ("Releasee"), Progressive Casualty and Insurance Company and Releasee's principals, agents, successors, heirs personal representatives, executors, administrators, and assigns and all other persons and entities of any kind or nature liable or who may be claimed to be liable, of and **from any and all actions, causes of action claims**, **demands, damages, costs, loss of services, loss of consortium, expenses, compensation and liability of any kind, including but not limited to wrongful death and survivor actions, on account of, or any way growing out of, any and all known and unknown personal and bodily injuries and death resulting or to result from the accident** that occurred on or about April 17, 2020 at or near Highway 15 in Breathitt County, Kentucky.

Combs argues that the Court of Appeals erred in reversing because the parties' intention to release "any and all actions" Spicer might assert is patently clear from language of the Release, which encompasses parties such as principals, agents, heirs, and "personal representatives" which is the capacity in which Spicer signed the Release. After arguing that Spicer is bound by the Release, Combs goes on to argue that Spicer's IIED action falls under the umbrella of the "any and all claims" made "on account of, or in any way growing out of" the accident.

Combs misinterprets the language contained in the release. Spicer only signed as "Personal Representative of the Estate" and not in her individual capacity. While the Release does state that Spicer entered the Release not only

6

"on behalf of the Estate" but also on behalf of "its principals, agents, successors, heirs, personal representatives," the *only claims* to be released were those possessed by the estate, not Spicer's individual claims.

**B.     Does Spicer's Complaint Fail to Allege Facts Sufficient to Prosecute a Claim for IIED as a Matter of Law?**

Combs also moved to dismiss Spicer's complaint arguing that the pleading failed to meet the standard for an IIED claim. The circuit court's analysis was limited to distinguishing the case of *Kroger Company v. Willgruber*, 920 S.W.2d 61 (Ky. 1996),[4] and, having determined that the release Spicer signed was enforceable and applicable to her IIED claim, the circuit court did not reach the issue of whether Spicer's allegations were sufficient to meet the elements of proof necessary for the tort.[5]

Confronted with a CR 12.02(f) motion to dismiss for failure to state a claim, trial courts must assume the truth of all facts pled in the complaint and determine whether, given proof of those facts, the plaintiff would be entitled to relief. *Fox,* 317 S.W.3d at 7. The motion presents "a pure question of law" and our review is *de novo. Id.*

---

[4] In *Willgruber*, a release obtained only by repeated misrepresentations was determined to not be enforceable against a former employee and did not preclude the victim's claims for IIED. *Id.* at 67.

[5] *See id.* at 65 (citing *Craft v. Rice,* 671 S.W.2d 247, 249 (Ky. 1984)) (stating the elements of an IIED claim: "1. The wrongdoer's conduct must be intentional or reckless; 2. The conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3. There must be a causal connection between the wrongdoer's conduct and the emotional distress; and 4. The emotional distress must be severe.").

Based on our liberal notice pleading requirements, we have determined that Spicer's complaint is sufficient under CR 12.02(f) to proceed and allow for her to engage in discovery. Whether Spicer can ultimately, and sufficiently, establish her claim or whether it may later be subject to summary judgment under CR 56, is a matter properly left for the circuit court to resolve at a later time.

### III. CONCLUSION

The opinion of the Court of Appeals, which reversed the Breathitt Circuit Court's dismissal of this action, is affirmed, and this matter is remanded to the circuit court for it to resolve all further issues.

All sitting. Bisig, Conley, Keller, Lambert, and Nickell, JJ., concur. VanMeter, C.J., concurs in result only.

COUNSEL FOR APPELLANT:

Jason S. Morgan
Betsy R. Catron
Ward Hocker & Thornton, PLLC


COUNSEL FOR APPELLEE:

Ned Pillersdorf